United States District Court
District of Massachusetts

|   |   |
|---|---|
| DONALD STRUNK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 18-11007-NMG |
| CITY OF BEVERLY POLICE ) | |
| DEPARTMENT and RYAN P. HEGARTY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of a claim for discrimination under Title II of the Americans with Disabilities Act ("the ADA"), 42 U.S.C. § 12131 et seq.

Donald Strunk ("Strunk" or "plaintiff") alleges that the City of Beverly Police Department ("the Beverly Police Department") and Officer Ryan Hegarty ("Officer Hegarty") (collectively "defendants") violated his rights under the ADA by 1) forcing him to undertake (and failing to make reasonable accommodations for) standard field sobriety tests after he was pulled over for suspected drunk driving and 2) thereafter arresting him for and charging him with operating under the influence after he failed those tests. Strunk maintains that he failed the field sobriety tests because of his alleged

disabilities rather than as a result of being intoxicated. Nevertheless, he was convicted by a jury of operating under the influence and other related offenses. He subsequently brought this ADA claim.

Before the Court is defendants' motion to dismiss for failure to state a claim on the basis that 1) there is no individual liability under the ADA, 2) the claims are precluded by the principle announced by the Supreme Court in Heck v. Humphrey, 512 U.S. 477, 484 (1994), 3) the claim is barred by issue preclusion, 4) the individual officer defendant is entitled to qualified immunity and 5) the Beverly Police Department is not a governmental entity amenable to suit under the ADA. For the following reasons, the Court finds that plaintiff's ADA claim is barred by the doctrine of issue preclusion and thus will be dismissed.

## I. Background

### A. The Incident

Strunk is a resident of Danvers, Massachusetts. He submits that he is "a 100% handicapped, disabled veteran" with the following alleged disabilities: 1) "a large ventral hernia", 2) "bilateral flat feet", 3) "bilateral shoulder osteoarthritis", 4) "bilateral knee osteoarthritis (bone on bone)", 5) a "right foot cyst", 6) "hearing loss" and 7) "others".

In January, 2018, Officer Hegarty stopped Strunk while he was traveling late at night in his vehicle. Officer Hegarty suspected Strunk of driving under the influence after he saw the passenger in the vehicle throw a glass bottle out the window. After providing Officer Hegarty with his identification, Strunk was asked to get out and step to the rear of the vehicle. Strunk allegedly informed the officer that he was disabled and could not walk well.

Nevertheless, Officer Hegarty instructed plaintiff to perform various standard field sobriety tests. He was first asked to perform the so-called "walk and turn test". Strunk allegedly repeated that he was disabled and could not walk well but complied with the officer's command. Strunk failed that test which he submits was a result of his various disabilities.

Next, Strunk was directed to stand on one leg which he protested he was unable to perform because of his disabilities. Officer Hegarty apparently accepted that explanation and moved on to the third test which was the "Horizontal Gaze Nystagmus Test". Strunk believes that he passed that final test. Officer Hegarty concluded, however, that plaintiff was intoxicated and placed him under arrest.

While on the way to the Beverly Police Station, Strunk began to experience chest and leg pain and believed that he was having a heart attack. He was taken immediately to the local

hospital.  Strunk contends that he was never offered a breathalyzer test at the hospital but that the Beverly Police Department falsely charged him with refusing a breathalyzer.  He also alleges that he requested a blood alcohol test at the hospital to prove that he was not intoxicated but that the hospital refused to administer the test because it was "not medically indicated".  No other tests were performed that night to establish plaintiff's blood alcohol level.

The Beverly Police Department subsequently charged Strunk with operating under the influence and other related violations.

**B.  The State Court Conviction**

In April, 2018, Strunk was tried by jury in Salem District Court.  Officer Hegarty testified that plaintiff had failed the walk and turn test.  When asked what consideration, if any, he had given to Strunk's alleged disabilities with respect to his ability to perform the field sobriety tests, Officer Hegarty testified that he simply moved on to the next test.  The jury found Strunk guilty of operating under the influence and other related violations and his driver's license was suspended.

In May, 2018, Strunk filed a notice of appeal which is apparently still pending.[1]  Shortly thereafter he filed the

---

[1] In his most recent status report filed with this Court, Strunk indicates that he has just recently filed a motion for a new trial and a request for an evidentiary hearing in the Salem District Court which has not yet been responded to by the Commonwealth or acted upon by the District Court.

present civil action claiming that the Beverly Police Department and Officer Hegarty violated his rights under Title II of the ADA.

## II. Motion to Dismiss

### A. Legal Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000). Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). Although a court must accept as true all of the factual allegations contained in a complaint, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662 (2009).

**B. Issue Preclusion**

Under Massachusetts law, the doctrine of issue preclusion applies to bar the relitigation of the same issue in a subsequent lawsuit where

> (1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom preclusion is asserted was a party (or in privity with a party) to the prior adjudication; and (3) the issue in the prior adjudication was identical to the issue in the current adjudication . . . [and was] essential to the earlier judgment.

In re Sonus Networks, Inc. Shareholder Derivative Litig., 499 F.3d 47, 57 (1st Cir. 2007). Issue preclusion does not apply unless the particular issue "was actually litigated and decided in the first litigation". Id. at 56.

Moreover, it is well established that the doctrine "precludes raising issues in a civil case already decided in a prior criminal trial". Glantz v. United States, 837 F.2d 23, 25 (1st Cir. 1988). Issue preclusion applies even where an appeal of the prior judgment is pending. O'Brien v. Hanover Ins. Co., 692 N.E. 2d 39, 44 (Mass. 1998) ("The Federal rule, followed by a majority of the States, is that a trial court judgment is final and has preclusive effect regardless of the fact that it is on appeal."); see also Federacion de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R., 410 F.3d 17, 27 n.13 (1st Cir. 2005) (citing O'Brien); In re Kane, 254 F.3d 325, 328 (1st Cir. 2001).

C.  **Application**

Strunk is precluded from relitigating the issue of whether he was intoxicated.  There was a final judgment on the merits in a prior adjudication to which plaintiff was a party, namely a criminal conviction for operating under the influence.  It is irrelevant for purposes of issue preclusion that the conviction is currently under appeal.  Furthermore, plaintiff is the party against whom issue preclusion is being asserted and the issue in the prior adjudication was identical to that in the current litigation: whether Strunk failed the field sobriety tests as a result of his disabilities or because he was intoxicated.  That issue was actually litigated in the criminal case which is evidenced by the fact that Strunk asserts in his civil complaint that he was not intoxicated on the night of the incident and that Officer Hegarty was questioned at the criminal trial as to what consideration he gave to plaintiff's alleged disabilities during the field sobriety tests.

Finally, determination of the issue of intoxication was presumably essential to the jury's decision in the criminal case because the only evidence of Strunk's condition was allegedly his failure to perform the field sobriety tests.  Thus the jury apparently found that Strunk had not failed the field sobriety tests because of his alleged disabilities but rather because he was intoxicated.  Because the jury found beyond a reasonable

doubt that Strunk was drunk on the night of the incident, he cannot now assert that he was discriminated against on the basis of his alleged disabilities when he was arrested and charged after failing the field sobriety tests.

## ORDER

For the foregoing reasons, defendants' motion to dismiss (Docket No. 28) is **ALLOWED.**

**So ordered.**

                                          /s/ Nathaniel M. Gorton
                                          Nathaniel M. Gorton
                                          United States District Judge

Dated May 6, 2019